People v Crosby (2023 NY Slip Op 06653)

People v Crosby

2023 NY Slip Op 06653

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

929 KA 21-01382

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMETRIUS CROSBY, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. TRESMOND OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 2, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and one count of assault in the second degree (§ 120.05 [2]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Mowery, 213 AD3d 1300, 1300 [4th Dept 2023]), we conclude that the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court