People v Putnam (2024 NY Slip Op 03982)

People v Putnam

2024 NY Slip Op 03982

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

463 KA 21-00375

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB PUTNAM, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered February 19, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]) and criminal possession of stolen property in the fifth degree (§ 165.40). In appeal No. 2, defendant appeals from a judgment convicting him, upon his guilty plea, of criminal possession of stolen property in the fourth degree (§ 165.45 [1]). Even assuming, arguendo, in each appeal that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the severity of his sentence (see People v Crosby, 222 AD3d 1411, 1411 [4th Dept 2023], lv denied 41 NY3d 1001 [2024]; People v Mowery, 213 AD3d 1300, 1300 [4th Dept 2023]), we reject defendant's challenge to the severity of the sentence in each appeal. We note, however, with respect to appeal No. 1, the certificate of conviction in that appeal incorrectly reflects that only the sentence imposed on count 2 is to run consecutively to a prior sentence imposed in Wyoming County. The certificate of conviction in appeal No. 1 must therefore be amended to reflect that the sentences of incarceration imposed on counts 1 and 2,
while running concurrently with each other, are to both run consecutively to the Wyoming County sentence.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court